*W. G. Woodward*, for defendant.

———— • ❂ • ———

## BROWN *v.* TOMLINSON.

2g 525<br>101 360

Where the breaches in any count in a declaration in covenant are well assigned, a general demurrer should not be sustained.

Under the statute, a special covenant at the end of a deed in which the grantor warrants against all claims from or under him, does not limit or explain the more general warranties which are covenanted by the words, "grant, bargain and sell."

A restraint by implication upon such general warranties is not authorized by statute; it must be positive and expressed.

*Error to Cedar District Court.*

*Opinion by* GREENE, J.  An action of covenant on a deed executed by John J. Tomlinson to Henry D. Brown, October 12, 1842.  The deed acknowledged a consideration of three hundred and twenty dollars, and conveys the N. E. fractional quarter of the N. E. fr. qr. of section 6, in township 80 N. of range 2, W. of the 5th mer. containing forty and twelve hundredth acres; and also the N. half of the N. W. qr. of the same fr. qr. section containing twenty acres.  In the conveyance the words "grant, bargain and sell" are used, and the further covenant "to warrant and forever defend the title to the same premises against the claims of all and every person whatsoever, from or under him."  After setting forth the contents of the deed, the declaration avers that at the time and before its delivery, one Charles M. Jennings was seized in fee of the twenty acre tract of land as described and set forth in the deed; that on the 24th day of September A. D. 1841, the said twenty acres of land were duly attached by William H. Tuthill, for debts due him from said Jennings; and on the 18th day of May 1842, a judgment was rendered upon said attachment in favor of said Tuthill; that execution issued in September following and in October of the same year the land was duly sold to said Tuthill, to whom a sheriff's deed was executed June 7th 1844, by virtue of which he took possession, and was seized in fee of said twenty acres of land; that as said Tuthill had possession of said land the plaintiff Brown on the 19th of May 1847, commenced an action of right against him, and in due course of proceeding thereon the said Tuthill obtained a judgement by which the plaintiff was expelled and forever barred from the possession and employment of said premises.  The declaration then avers that the land from which the plaintiff was expelled by judgment, is one and the same twenty acres which he had purchased of said Tomlinson, and then sets forth the failure of Tom-

linson 'to warrant and defend the same, and alleges that he had no estate of inheritance in fee simple therein, and that he had no right power or authority to convey the same. The declaration contains three counts, in each of which two or three breaches are assigned.

The defendant craved oyer of the deed and demurred generally to the declaration. The demurrer was sustained, and in this it is contended that the court below erred.

There is much in the declaration which must be regarded or defectively pleaded ; but it cannot well be assumed that all the covenants and breaches are ill assigned.

Without inquiring particularly as to the others we think that the breaches of covenant of seizin and of authority to sell and convey are well assigned, and the same may well be assumed of the general warranty in the second count. It is a well settled rule that where the breaches in any count, are well assigned in a declaration of covenant a general demurrer should not be sustained.

It follows then, that if the averments in the declaration, are warranted by the legal effects and force of the covenants contained in the deed, that the court below improperly decided that the action could not be maintained. And this brings us to the principal question involved in the case. Does the special covenant at the end of the deed, in which the grantor warrants against all claims from or under him, limit and explain the more general and extended warranties which are covenanted by the words "grant, bargain or sell?" The decision in the court below shows, that this question was necessarily decided in the affirmative. Independent of the statute and under the assumption, that the words of conveyance contained only *implied* covenants, incompatible with that stipulated by the special warranty, the correctness of that decision could not be controverted. But our statute regulating conveyances, enters largely into the covenants of this deed. The sixth section of that act, *Rev. Stat.* 204, declares that the words "grant, bargain and sell," in all conveyances, shall unless restrained by express terms, "be construed to be the fol-

lowing express covenants: 1. That the grantor was at the time of the execution of such conveyance, seized of an indefeasible estate in fee simple, in the real estate thereby granted. 2. That such real estate was at the time of the execution of such conveyance, free from incumbrance done or suffered by the grantor or any person claiming under him. 3. For further assurance of such real estate to be made by the grantor and his heirs to the grantee, his heirs and assigns, and may be sued upon in the same manner, as if such covenants were expressly inserted in the conveyance." The construction to be given to this language is obvious; there is no room for ambiguity or doubt. Those words of conveyance are to be considered as something more than an implied warranty; they are to be regarded as express covenants, and are to have the same bearing before a court, the same legal construction as they would if specially set forth in the conveyance, unless restrained by express terms. A restraint by implication will not suffice, it must be positive, it must be expressed; or according to the statute, the covenants may be sued upon in the same manner as if they were expressly inserted in the conveyance. Now the question presents itself, are not those covenants of seizin and of freedom from incumbrance as expressed by the words of conveyance, perfectly compatible with the special warranty against the claims of all persons from or under the grantor? Though the latter and more limited covenant may be mainly comprised within the former, it is still perfectly reconcilable with them, and as they are in no way restrained or excluded by express words in the deed, we can come to no other conclusion, than that the covenants which were expressed by virtue of the statute which enters into the conveyance, should co-exist and operate with that which is especially set forth in the deed. Had the parties intended to limit or restrain the warranty to the latter covenant, such intention could have been expressed by one or two words in the instrument. Those words cannot be supplied by intendment; nor upon a doubtful point should the construc-

Brown *v.* Tomlinson.

tion be strongest against the covenantee. In the present deed then, we think that the grantor makes three express covenants; first, of seizure in fee; second, against incumbrances; and third, against his own acts. We think that these three are clearly accordant; that the plaintiff is entitled to recover for a breach of either: and that at least one of them is pleaded, and the breach sufficiently assigned in the declaration.

But it is urged that the third covenant is unnecessary, unless applied as a limit to the first and second. If unnecessary it does not follow that it should be adjudged inconsistent with the antecedent covenants, or that they are restrained by it, when no word or term is expressed which can denote such intended limitation.

In *Hesse* v. *Stevenson*, 3 Bos. & Pul. 565, where a covenant was regarded as unnecessary, it was not therefore considered inconsistent. So that where one covenant stipulated that the defendant had good right and absolute authority to convey, and another had not by any means forfeited any right or authority he ever had over the property in question, it was held that the former covenant was not restrained by the latter. And in *Gainsforth* v. *Griffith*, 1 Saund. 59, it was held that the general covenant of a good and indefeasible lease was not restrained by one for quiet enjoyment restricted to acts of the covenantor. In this case the rule was laid down that an express general covenant in fact cannot be restrained by any subsequent covenant, if not construed as a part of the first general covenant. (*Smith* v. *Compton*, 3 Bar. & Ald. 189.) But it was understood that a particular covenant in fact may restrain a general covenant by intendment of law. Apply this rule to the present case. There is no connection between the third and the two preceding covenants. They are made in very different parts of the deed without any connecting word; and by statute the covenants contained in the words of conveyance are made express covenants in fact, as much so as if they had been expressly mentioned, and therefore according to *Gains-*

66

*ford* v. *Griffith* cannot be qualified by the concluding covenant.

In *Hawell* v. *Richards*, 11 Eart. 633, it was held that the generality of the covenants for quiet enjoyment was not restrained by the qualified covenants for good title and right to convey for anything done by the releasor to the contrary.

In *Roebuck* v. *Duprey*, 2 Ala. 535, it was held that although a deed contains express covenants, yet others not inconsistent with them may be implied and rendered operative. The same doctrine was held in *Gates* v. *Caldwell*, 7 Mass. 68. If an implied covenant may be rendered operative with an express covenant in the same deed, is there not even more reason for giving force to two separate express covenants where the one does not conflict with the other?

In Pennsylvania with a statute similar to ours, and in a case where the land conveyed had been incumbered previous to the sale, it was held, that the covenant contained in the words, "grant, bargain and sell" were not inconsistent with, nor restrained by an express covenant of special warranty; and that the covenants implied by those words could only be restrained by express terms of limitation. *Funk* v. *Voneida*, 11 Serg. & R. 109.

And in *Alexander* v. *Schneiber*, 10 Mis. 460, under an act identical in terms, it was held that the covenants implied by the words, "grant, bargain and sell," in a deed of conveyance, are separate and independant of each other; and that a general warranty is only limited by a special one where the two are inconsistent.

In the absence of our statute the authority and arguments presented by counsel for the defendant in error, would have peculiar force, for at common law the rule appears to be well settled that general implied covenants are qualified and restrained by any connecting and express covenant of a more limited character, especially where the two are not reconcilable. 11 East. 633; 15 ib. 530; 8 Mass. 202; 7 John 258; 11 ib. 122. This doctrine no

doubt originated from the principle that general terms are limited by connecting specifications; and as an application it might well be urged that parties having entered into express agreements it should not be supposed that they intend anything more by their general language, than is stipulated in express covenants, and this would appear especially reasonable if the one could not operate consistently with the other. But in this case the covenants are not inconsistent, although in part superfluous, and as our prevailing law, the statute, has given peculiar effect to the words, "grant, bargain and sell," it cannot be abated by mere implication, nor by the authority of decisions made where no such statute was in force. These words of conveyance create something more than implied covenants, as we have seen; they are declared to be express, the same as if specially mentioned, and in their very nature, they become special as well as general covenants. *Gralz* v. *Ewalt*, 2 Binney 95; and they are to have full effect, "unless restrained by express terms contained in such conveyance." Such is the explicit direction of the statute, and the parties must be presumed to have known the law, and to have made their covenants accordingly. And as the covenantor made them without any express limitation, to enforce one by implication would do violence to the intention of the parties, and prevent the obvious letter of the statute. We therefore conclude, that the court erred in sustaining the demurrer.

Judgment reversed.

*Wm. Smyth* and *L. B. Patterson*, for plaintiff in error.

*J. P. Cook* and *W. G. Woodward*, for defendant.